**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL RAY HICKS,

      Petitioner - Appellant,

v.

STEVE KAISER,

      Respondent - Appellee.

No. 99-6302
(D.C. No. 98-CV-381-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.


      Petitioner-appellant Michael Ray Hicks seeks a certificate of appealability

to appeal the district court's denial of his petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. The court did not address Hicks' substantive

claims—ineffective assistance of trial counsel and invalid guilty plea due to

prosecutorial misconduct and fraudulent inducement—but instead dismissed the

petition as untimely pursuant to 28 U.S.C. § 2244(d). Because Hicks fails to

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability.  See 28 U.S.C. § 2253(c).

Hicks pleaded guilty to two counts of second degree burglary, one count of pointing a firearm at another person, assault and battery of a police officer, second degree forgery, and possession of a firearm.  Judgment was entered on February 13, 1995, and Hicks had ten days from that date to file an application to withdraw his guilty plea.  See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, tit. 22, ch. 18, app.  Because Hicks failed to file within the ten-day period, his conviction became final on February 23, 1995.  Hicks did file an application to withdraw his guilty plea on April 28, 1997, and on May 15, 1997, he filed an application for state post-conviction relief.  The Oklahoma County District Court denied his application for post-conviction relief on July 29, 1997, and the Oklahoma Court of Criminal Appeals declined jurisdiction of his appeal on October 3, 1997, for failure to designate an adequate record for review.  Hicks filed the present petition for writ of habeas corpus in federal district court on March 16, 1998.

Pursuant to 28 U.S.C. § 2244 (d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."  In general, the limitations period begins to run from the date on which direct review of the state judgment becomes

final.  See id.  However, in the case of prisoners whose convictions became final prior to the effective date of the Anti-terrorism and Effective Death Penalty Act (AEDPA), April 24, 1996, we recognize a one-year grace period in which a prisoner may file a habeas petition, beginning on April 24, 1996, and ending on April 23, 1997.  See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998).  Section 2244(d)(2), which tolls the limitations period during the time which a properly filed application for State post-conviction or collateral review is pending, applies to this one-year grace period.  See id. at 1226.

Hicks' conviction became final for purposes of § 2244(d) on February 23, 1995.  Because this was prior to AEDPA's effective date, he had until April 23, 1997, to file a habeas petition, absent tolling for state post-conviction review.  He filed his petition on March 16, 1998, outside the one year grace period.  Furthermore, Hicks did not file an application for post-conviction or other collateral review within the grace period, and therefore the limitations period was not tolled pursuant to § 2244(d)(2).  While Hicks claimed below that his application to withdraw his guilty plea was deposited in the prison mail room on April 23, 1997, and therefore by application of the prison mailbox rule was filed on that date,[1] this was not a properly filed application for post-conviction or other

---

[1]  In Houston v. Lack, 487 U.S. 266, 270-72 (1988), the Supreme Court held that a petition for a writ of habeas corpus, or an appeal of a denial of such a

(continued...)

collateral review.  See 28 U.S.C. § 2244(d)(2).  Rather, it was an untimely effort to obtain direct review.  Hicks did not file his application for post-conviction relief until May 15, 1997, outside the one-year grace period.  Moreover, even had his application to withdraw his plea triggered the tolling provision of § 2244(d)(2) one day before the expiration of the grace period, Hicks did not file for habeas relief until more than seven months after the denial of his last properly filed application for state post-conviction relief.  Therefore, his petition for a writ of habeas corpus in federal district court was untimely pursuant to 28 U.S.C. § 2244(d).

On appeal, Hicks' primary argument appears to be that the limitations period should be subject to equitable tolling because his counsel abandoned him during the ten-day period for filing an application to withdraw his guilty plea.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (holding that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling").  Equitable tolling is only available, however, if a prisoner diligently pursues his claims.  See id.  That Hicks' first challenge to his conviction came more than two years after it became final demonstrates a lack of diligence, even if he was

---

[1](...continued)
petition, is filed as of the date it is deposited with the prison mail system.  This court has yet to decide whether the so-called "prison mailbox rule" applies to the tolling provision of § 2244(d)(2).

initially hampered by his attorney's unavailability. Accordingly, equitable tolling is not appropriate in this case.

Hicks' claim that § 2244(d)(1) violates the Ex Post Facto Clause is meritless. The one-year grace period we adopted in <u>Hoggro</u> eliminates any retroactivity problems. <u>See</u> <u>Hoggro</u>, 150 F.3d at 1225.

Hicks' motion to proceed in forma pauperis is GRANTED, his application for a certificate of appealability is DENIED, and this matter is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge